IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

ELIZABETH EASTES, )
        Plaintiff, )
 )
v. )   Case No. **14CV2939**
 )
SEQUEL OF KANSAS, LLC d/b/a )
RIVERSIDE ACADEMY, )
        Defendant. )
_____)   SPS BY ATTORNEY

Pursuant To K.S.A. Chapter 60

## SUMMONS

To:   Sequel of Kansas, LLC d/b/a
       Riverside Academy
       2050 W. 11th St. North
       Wichita, KS 67203

A lawsuit has been commenced against you.

Within thirty (21) days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. The answer or motion must be served on the plaintiff's attorney or the plaintiff if plaintiff has no attorney, at the following address:

       Aaron J. Good
       Klenda Austerman LLC
       301 N. Main, Suite 1600
       Wichita, KS 67202-4816

If you fail to file an answer or motion as described above, judgment by default will be entered against you for the relief demanded in the Petition. You also must file your answer or motion with the court.

If you file an answer, any related claim which you may have against the plaintiff must be stated as a counter-claim in your answer. If you fail to do so you will thereafter be barred from making such claim in any other action.

Dated   **OCT 2 2 2014**, 2014   CLERK OF THE DISTRICT COURT



By _Jessica Prellin_____
          (Deputy)



EXHIBIT A

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I served a copy of this summons and a copy of the petition, to Defendant Sequel of Kansas, LLC d/b/a Riverside Academy _____ in the following manner.

_____ (1) **Personal Service** – on the _____ day of _____, 2014, by delivering or offering to deliver the documents to the above-named person;

_____ (2) **Residence Service** – on the _____ day of _____, 2014, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____ (3) **Residence Service** – on the _____ day of _____, 2014, by leaving a copy of the documents at the dwelling or usual place of abode of the above-named person and mailing to that person by first-class mail a notice that the copy has been left at the individual's dwelling or place of abode;

_____ (4) **Return Receipt Delivery** – by causing to be delivered on the _____ day of _____, 2014, the documents by return receipt delivery to the above-named person at the following address: _____ with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____ (5) **Return Receipt Delivery Refused** – by mailing on the _____ day of _____, 2014, the documents by first-class, postage prepaid, to the above-named person at the following address: _____

_____ (6) **Other Method of Service** - _____

_____ (7) **No Service**. The above-named person was not served for the following reason(s): _____

## AFFIDAVIT OF SERVICE

STATE OF KANSAS )
                      ) ss:
COUNTY OF _____ )

I, _____, swear or affirm that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2014.

_____

Subscribed and sworn to before me this \_\_\_\_\_ day of _____, 2014.

_____
Notary Public



Aaron J. Good, #25067
KLENDA AUSTERMAN LLC
1600 Epic Center, 301 N. Main
Wichita, KS 67202
(316) 267-0331 Telephone
(316) 267-0333 Facsimile
agood@klendalaw.com

FILED
DOCKET N........
2014 OCT 22 P 2:40
CLERK OF DIST. COURT
JUDICIAL DISTRICT
WICK COUNTY, KS

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

ELIZABETH EASTES, )
    Plaintiff, )
)
v. ) Case No. 14CV2939
)
SEQUEL OF KANSAS, LLC d/b/a )
RIVERSIDE ACADEMY, )
    Defendant. )
_____)
Pursuant To K.S.A. Chapter 60

COPY

### PETITION

COMES NOW Plaintiff, Elizabeth Eastes, by and through her counsel of record, Aaron J. Good of Klenda Austerman LLC, and for her cause of action against Defendant Sequel of Kansas, LLC d/b/a Riverside Academy alleges and states as follows:

1. Plaintiff Elizabeth Eastes is a resident of the State of Kansas.

2. Defendant Sequel of Kansas, LLC d/b/a Riverside Academy ("Riverside") is a Delaware corporation authorized to do business in the State of Kansas, and may be served with process at 2050 W. 11th St. North, Wichita, Kansas 67203, or at 1131 Eagletree Lane, Huntsville, Alabama 35801.

3. This Court has jurisdiction to hear these claims.

2288477

- 1 -

4. Venue is proper in this Court as the acts giving rise to Plaintiff's claims occurred in Sedgwick County, Kansas.

5. Riverside operates a residential treatment facility in Wichita, Kansas providing psychiatric treatment for boys and girls, ages 6 and older, with a variety of mental health disorders, including behavioral disorders and/or drug and alcohol dependence, or abuse and developmental delays.

6. On or about July 31, 2013, Riverside hired Plaintiff as a part-time, non-exempt Human Resources Director, paying her an hourly wage of $16.83.

7. Sometime before September 29, 2013, Riverside offered Plaintiff a "full time, exempt" HR Director position.

8. Riverside provided Plaintiff a position summary listing the essential roles and functions of the "exempt" HR Director position.

9. The "full time, exempt" HR Director position Riverside offered Plaintiff paid a bi-weekly salary of $1,346.15.

10. This bi-weekly salary amounts to *slightly less* pay than Plaintiff would have earned working two consecutive forty hour weeks as a non-exempt employee at her hourly wage of $16.83.

11. Plaintiff accepted Riverside's offer of the "full time, exempt" HR Director position, and on or about September 29, 2013, began working in the position.

12. Plaintiff quickly realized that the HR Director Position Summary provided by Riverside bore little resemblance to the duties Riverside actually required she perform.

13. Plaintiff found herself working a minimum of seventy (70) hours a week, mostly as a receptionist.

14. Plaintiff spent approximately 90% of her time performing receptionist and clerical

2288477

duties, such as: answering phones; greeting visitors; situating visitors in meeting rooms; dispersing, recording, and filing training materials; and organizing dates and times of orientations.

15. These tasks consumed the vast majority of Plaintiff's working hours, and did not require she exercise her discretion or independent judgment.

16. Plaintiff's primary duties did not relate to the management or general business operations of Riverside.

17. Plaintiff did not supervise any employees during her time as an "exempt, full time" HR Director at Riverside.

18. When Riverside *did* require Plaintiff perform duties resembling those typically associated with an HR Director, Riverside removed all decision making authority from Plaintiff to the extent that she held a meaningless title.

19. Riverside ignored Plaintiff's proposed policy changes.

20. When Plaintiff would enact a proposed policy change, Riverside would re-write the policy and return it to her for implementation.

21. Riverside did not allow Plaintiff to utilize her discretion and independent judgment as to any matters of significance.

22. Riverside vested no authority in Plaintiff, as it required she send investigations, complaints, and terminations to Riverside's corporate HR department for evaluation.

23. Riverside corporate HR would review the files and decide how to proceed, and then remand the file to Plaintiff to carry out its directions.

24. Riverside did not allow Plaintiff to terminate employees without its prior approval.

25. Plaintiff remained in this "full time, exempt" position until on or about February 23, 2014.

2288477

26. On or about February 23, 2014, Plaintiff requested Riverside transfer her to a "non-exempt" position paid at an hourly rate.

27. Riverside transferred Plaintiff from a "full-time exempt Human Resources Director" to "full-time *non-exempt* Human Resources Director" without any accompanying change in her role or responsibilities.

28. In total, Plaintiff worked twenty three (23) weeks for Riverside as a "full time, exempt" HR Director.

29. During that time, Plaintiff worked at least seventy (70) hours per week.

30. During this time, Plaintiff accrued twenty one (21) days – or 168 hours – of paid vacation time that Riverside has failed to pay.

## COUNT I – FAIR LABOR STANDARDS ACT

31. Plaintiff incorporates all other allegations of her Petition, and further alleges:

32. Despite Riverside's classification of Plaintiff as an exempt employee, Plaintiff's duties and responsibilities, as well as Riverside's refusal to allow her to exercise discretion and independent judgment, clearly show she did not qualify as an exempt employee under the Fair Labor Standards Act ("FLSA")

33. Pursuant to the FLSA, Plaintiff is entitled to compensation at a rate not less than one and one-half times her regular hourly wage for all hours worked in excess of forty (40) hours per week from September 29, 2013 through February 23, 2014.

34. Pursuant to the FLSA, Plaintiff is entitled to compensation for her unutilized paid vacation accrued while working at Riverside.

35. Pursuant to the FLSA, Plaintiff is entitled to liquidated damages due to Riverside's failure to pay as required by the law.

2288477

36.  Pursuant to the FLSA, Plaintiff is entitled to her reasonable attorney fees.

**WHEREFORE**, for the foregoing reasons, Plaintiff Elizabeth Eastes respectfully requests the Court enter judgment in her favor, and against Defendant Sequel of Kansas, LLC d/b/a Riverside Academy, for unpaid overtime wages in the amount of $15,907.50; for unutilized paid vacation time in the amount of $2,827.44; for liquidated damages in an amount equal to her unpaid compensation as set forth above ($18,734.94); pre-judgment and post-judgment interest; costs; her reasonable attorney's fees; and for such further relief the Court deems just and equitable.

KLENDA AUSTERMAN LLC

By: _____
Aaron J. Good, #25067
1600 Epic Center, 301 North Main
Wichita, Kansas  67202-4816
(316) 267-0331
(316) 267-0333 Facsimile
agood@klendalaw.com
*Attorneys for Plaintiff Elizabeth Eastes*

## DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, and respectfully demands a trial by a jury of twelve (12) persons on all matters in controversy in the above-captioned matter.

_____
Aaron J. Good

2288477

- 5 -